Dear Mr. Perez:
You have requested an opinion of the Attorney General regarding the disposition of funds held by the Feliciana Forensic Facility (Facility) on behalf of discharged patients who can not be located. You specifically ask whether such funds should be forwarded to the State Treasurer as unclaimed property or remain in the Facility's Patients' Funds Account.
LSA-R.S. 28:172 provides:
 "A. The superintendent of each hospital for the mentally ill is authorized to receive and receipt for funds belonging to a patient and shall keep such funds on deposit for the use and benefit of the patient. Such funds shall be considered as being on deposit with an agency of the State of Louisiana and no bond shall be required of the superintendent. Disbursement thereof shall only be made on order of the court having jurisdiction over the patient if he has been judicially interdicted or if not, an order of the person or governmental agency making the deposit in behalf of the patient.
 B. When a patient dies who has funds on deposit to his credit the superintendent may at his discretion use whatever portion of such funds is needed to give the patient a decent burial. The remainder of the patient's funds may be claimed by his heirs by appropriate legal action. If such funds are not claimed by the heirs of a deceased patient within five years of the date of his death his funds shall become the property of the state and be used by the superintendent for the benefit of other patients in the hospital."
While Section 172 addresses the issue of the disposition of a deceased patient's funds, it is silent regarding patients who have been discharged, but cannot be located. We, therefore, turn to the provisions of LSA-R.S. 9:151-188 — the "Uniform Disposition of Unclaimed Property Act" (Act).
LSA-R.S. 9:164 provides, in pertinent part, the following:
 Intangible personal property held for the owner by a court, state, or other government, governmental subdivision or agency, public corporation, or public authority which remains unclaimed by the owner for more than one year after becoming payable or distributable is presumed abandoned; . . ."
We are of the opinion that funds held by the Facility belonging to discharged patients, whereabouts unknown, are presumed abandoned if unclaimed by the owner for more than one year after discharge. Said funds should be remitted to the State Treasurer in accordance with the Act.
However, LSA-R.S. 9:164 must be read in pari materia with the requirements of LSA-R.S. 28:172(A). Thus, remittance should be made only after the appropriate order is obtained.
We hope the foregoing has been helpful to your inquiry. Should you require any additional information, please do not hesitate to contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: ROBERT E. HARROUN, III Assistant Attorney General
RPI:REH, III:lbw-0071R